UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRAIG M. TITUS,<br><br>            Petitioner,<br><br>   v.<br><br>ROBERT LeGRAND, et al.,<br><br>            Respondents. | Case No. 3:13-cv-00106-MMD-WGC<br><br>ORDER |

      This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  Previously, this Court denied petitioner's motion to proceed *in forma pauperis* and required petitioner to pay the filing fee for this action. (Dkt. no. 3.)  Petitioner has now paid the filing fee for this action. (Dkt. no. 4.)

      Petitioner has filed a motion for the appointment of counsel. (Dkt. no. 1-11.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. It does not appear that counsel is justified in this instance. The motion shall be denied.

The petition shall now be filed and served on respondents. A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions).

IT IS THEREFORE ORDERED that the Clerk shall file and electronically serve the petition (dkt. no. 1) upon the respondents.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address all claims presented in the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have forty-five (45) days from the date of service of the answer to file a reply.

IT IS FURTHER ORDERED that petitioner's motion for the appointment of counsel (dkt. no. 1-11) is DENIED.

IT IS FURTHER ORDERED that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the Reno Division of the Court.

IT IS FURTHER ORDERED that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this

1  action, petitioner shall make such service upon the particular Deputy Attorney General
2  assigned to the case.

      DATED THIS 18th day of June 2013.

                                     MIRANDA M. DU
                                     UNITED STATES DISTRICT JUDGE