UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRAIG M. TITUS,<br><br>Petitioner,<br>v.<br>ROBERT LeGRAND, et al.,<br><br>Respondents. | Case No. 3:13-cv-00106-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court are respondents' motion to dismiss the petition (dkt. no. 11) and petitioner's second motion for the appointment of counsel (dkt. no. 22).

I.   **PROCEDURAL HISTORY**

On August 28, 2008, petitioner was convicted, pursuant to a guilty plea, of second-degree murder (Count 1), first-degree kidnapping (Count 2), and first-degree arson (Count 3). (Exhibits 107 & 113.)[1] The judgment of conviction was filed on August 28, 2008. (Exhibit 113.) Petitioner was sentenced to 10-25 years on Count I; 5-15 years on Count 2 to run consecutive to Count 1; and 6-15 years on Count 3 to run consecutive to Count 2. (*Id.*). Petitioner did not file a direct appeal.

---

[1] The exhibits referenced in this order are found in the Court's record at dkt. nos. 12-20.

On September 12, 2008, petitioner filed a motion to modify his sentence, or in the alternative, motion to withdraw his guilty plea. (Exhibit 114.) At the conclusion of the December 4, 2008 hearing, the motion was denied by the state district court. (Exhibit 119.) The state district court later filed a written order, on February 18, 2009, denying the motion to modify his sentence or withdraw his guilty plea. (Exhibit 134.) With the assistance of counsel, petitioner appealed. (Exhibit 121.) On March 11, 2010, the Nevada Supreme Court entered an order affirming the denial of petitioner's motion to modify his sentence, or in the alternative, motion to withdraw his guilty plea. (Exhibit 157.) Remittitur issued on April 7, 2010. (Exhibit 159.)

On January 10, 2011, represented by counsel, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 160.) The petition was denied by the state district court. (Exhibit 185.) By order filed September 12, 2012, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition, ruling that the petition was untimely and procedurally barred pursuant to NRS 34.810(1)(a). (Exhibit 212.) Remittitur issued on October 8, 2012. (Exhibit 216.)

Proceeding in *pro per*, petitioner filed a motion for a writ of prohibition in the state district court on December 7, 2011. (Exhibit 181.) On March 29, 2012, the state district court dismissed the motion as an improper vehicle for challenging petitioner's conviction and sentence. (Exhibit 199.) On September 12, 2012, the Nevada Supreme Court affirmed the dismissal of petitioner's motion for a writ of prohibition on that basis. (Exhibit 214.) Remittitur issued on October 9, 2012. (Exhibit 217.)

On February 22, 2013, petitioner dispatched his federal habeas petition to this Court. (Dkt. no. 1-2, at p. 1.) On June 18, 2013, the Court issued an order directing the Clerk of Court to file the petition and directing respondents to file a response to the petition. (Dkt. no. 6.) The Court's order also denied petitioner's motion for the appointment of counsel. (*Id.*, at p. 1.) In the federal petition, petitioner claims that his constitutional rights were violated because: (1) the trial court did not allow him to present argument during the hearing on his motion to withdraw his guilty plea; (2)

detectives recorded phone conversations without a warrant; (3) prejudicial and suspect evidence was introduced at sentencing; (4) his guilty plea was not knowing and voluntary; (5) he was convicted of first-degree arson after being indicted for third-degree arson; and (6) he received ineffective assistance of counsel. (Dkt. nos. 1-2 & 7.)

Respondents have filed a motion to dismiss the petition. (Dkt. no. 11.) Petitioner has filed an opposition to the motion. (Dkt. no. 23.) Concurrently, petitioner filed a second motion for the appointment of counsel. (Dkt. no. 22.) Respondents have filed a reply to petitioner's opposition. (Dkt. no. 24.)

## II. PETITIONER'S SECOND MOTION FOR THE APPOINTMENT OF COUNSEL

Before considering the motion to dismiss, the Court addresses petitioner's motion for the appointment of counsel. (Dkt. no. 22.) Petitioner previously filed a motion for the appointment of counsel. (Dkt. no. 1-11.) By order filed June 18, 2013, the Court denied the motion, on the basis that the petition is well-written and sufficiently clear, and the issues in the case are not complex. (Dkt. no. 6, at p. 1.) Petitioner has filed a second motion for the appointment of counsel. (Dkt. no. 22.)

Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

As noted in the Court's earlier order, the petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring.

Petitioner speaks and writes English well. The issues in this case are not of the level of complexity that would warrant the appointment of counsel. Additionally, petitioner has filed an opposition to the motion to dismiss in which he articulates his legal arguments, citing case law and statutes. Nothing in petitioner's second motion for the appointment of counsel causes this Court to doubt its denial of petitioner's first motion for the appointment of counsel. To the contrary, through his filings, petitioner has demonstrated his ability to assert his arguments in a clear and cogent manner. As such, the appointment of counsel is not justified in this instance. Petitioner's second motion for the appointment of counsel (dkt. no. 22) is denied.

### III.  RESPONDENTS' MOTION TO DISMISS

Respondents argue that the petition is untimely, as it was filed after the expiration of the AEDPA statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

Petitioner "must file a federal petition within one year from 'the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002) (*quoting* 28 U.S.C. § 2244(d)(1)(A)). For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). The court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in Saffold we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

### A.    Time Period from August 28, 2008, to April 7, 2010

In the instant case, petitioner's judgment of conviction was filed on August 28, 2008. (Exhibit 113.) Petitioner did not file a direct appeal. Therefore, his conviction became final upon the expiration of the time to file a direct appeal, on September 29, 2008. *See* 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d at 897; Nevada Rule of Appellate Procedure 4(b)(1) ("the notice of appeal by a defendant or petitioner in

a criminal case shall be filed with the district court clerk within thirty (30) days after the entry of judgment.").

Prior to the expiration of the time to appeal the judgment, petitioner filed a motion to withdraw his guilty plea on September 12, 2008. (Exhibit 114.) The motion was denied and the Nevada Supreme Court affirmed the denial of the motion. (Exhibit 134; Exhibit 157.) The Nevada Supreme Court issued remittitur on April 7, 2010. (Exhibit 159.) Because petitioner had a properly-filed application for state post-conviction or other collateral review pending, this time period is statutorily tolled. 28 U.S.C. § 2244(d)(2).

### B. Time Period from April 8, 2010 to January 10, 2011

The remittitur issued from the Nevada Supreme Court's affirmance of the denial of petitioner's post-conviction motion to withdraw his guilty plea on April 7, 2010. (Exhibit 159.) Petitioner filed a post-conviction habeas petition in state district court on January 10, 2011. (Exhibit 160.) The time period including April 8, 2010, up to and including January 10, 2011, is 278 days. Because petitioner had no properly-filed application for state post-conviction or other collateral review pending during this period of time, the time is not statutorily tolled, and 278 days toward the AEDPA statute of limitations elapsed during this time period.

### C. Time Period from January 11, 2011 to October 9, 2012

Petitioner filed a post-conviction habeas petition in state district court on January 10, 2011. (Exhibit 160.) The state district court denied the petition. (Exhibit 185.) The Nevada Supreme Court affirmed the denial of the petition. (Exhibit 212.) The Nevada Supreme Court explicitly held that the petition was not timely filed. (Exhibit 212, at p. 1.) The remittitur issued on October 8, 2012. (Exhibit 216.)

During this time period, petitioner also filed a petition for a writ of prohibition. (Exhibit 181.) The state district court dismissed the petition, and the Nevada Supreme Court affirmed the denial of the petition. (Exhibits 199 & 214.) The Nevada Supreme

///

Court stated that the petition for a writ of prohibition was improperly filed. (Exhibit 214, at pp. 1-2.) The remittitur issued on October 9, 2012. (Exhibit 217.)

The period of time including January 11, 2011 (the day after the filing of petitioner's state post-conviction habeas petition) up to and including October 9, 2012 (the day on which remittitur issued from the last of petitioner's state appeals) is 638 days. Because petitioner's post-conviction habeas petition was untimely, it was not properly filed within the meaning of the statutory tolling provision of the AEDPA. And, because petitioner's petition for a writ of prohibition was an improper vehicle with which to challenge his conviction, it also was not properly filed within the meaning of the statutory tolling provision of the AEDPA. As such, neither of the state petitions tolled the statute of limitations. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 412-16 (2005). As such, 638 days of untolled time elapsed during this period.

D. Time Period from October 10, 2012, to February 22, 2013

The remittitur issued from the last of petitioner's state proceedings on October 9, 2012. (Exhibit 217.) Petitioner dispatched his federal habeas petition on February 22, 2013. (Dkt. no. 1-2, at p. 1.) Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). The period of time from October 10, 2012 (the day after remittitur issued from the last of petitioner's state proceedings) up to and including February 22, 2013 (the day this Court deems the federal petition filed) is 136 days. Because petitioner had no properly-filed application for state post-conviction or other collateral review pending during this time period, the time is not statutorily tolled. 28 U.S.C. § 2244(d)(2).

E. Petitioner's Argument Regarding Finality of Conviction

In his opposition to the motion to dismiss, petitioner argues that his conviction did not become final until July 7, 2010, because his motion to withdraw his guilty plea and subsequent appeal of the denial of that motion constitute a direct review of his conviction. (Dkt. no. 23, at pp. 6-6.) Petitioner asserts that he had 90 days after the

remittitur issued from his appeal to the Nevada Supreme Court in which to file a petition for a writ of certiorari in the United States Supreme Court. (*Id.*, at pp. 5-6.)

Nevada law differentiates between a motion to withdraw a guilty plea that is filed before sentencing, and one that is filed after the judgment of conviction is entered. *See* NRS 176.165. A motion to withdraw a guilty plea filed before sentencing "is reviewable, on direct appeal, as an intermediate order of the proceedings." *Hart v. State*, 116 Nev. 558, 562 n.2, 1 P.3d 969, 971 n.2 (2000). However, a motion to withdraw a guilty plea filed after a judgment of conviction is not part of "the remedy of direct review," but exists concurrently with other forms of post-conviction relief. *Hart,* 116 Nev. at 561-64, 1 P.3d at 971-73. Thus, the litigation of a post-conviction motion to withdraw a guilty plea and a subsequent appeal constitute collateral review proceedings rather than direct review proceedings.

In this case, petitioner's motion to withdraw his guilty plea was filed on September 12, 2008, after the judgment of conviction was entered on August 28, 2008. (Exhibits 113 & 114.) Petitioner did not file a direct appeal of any kind. Accordingly, petitioner waived his right to direct review of his convictions, and the convictions became final on September 29, 2008, which is 30 days after the judgment of conviction was entered. *See* Exhibit 113; 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington,* 264 F.3d at 897; Nevada Rule of Appellate Procedure 4(b)(1) ("the notice of appeal by a defendant or petitioner in a criminal case shall be filed with the district court clerk within 30 days after the entry of judgment.").

F. **Federal Petition is Untimely and No Equitable Tolling Applies**

Petitioner utilized a total of 1,052 days not tolled by federal statute, in which to file his federal habeas petition. Moreover, even if this Court tolled the time period during which petitioner had any action pending in state court, he still used 414 days of untolled time to file his federal habeas petition, exceeding the one-year AEDPA statute of limitations. The federal habeas petition is untimely. 28 U.S.C. § 2244(d).

///

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In the instant case, however, petitioner has not presented this Court with any argument or evidence that he is entitled to equitable tolling. As such, the petition must be dismissed with prejudice as untimely.

## IV.  CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

///

///

## V. CONCLUSION

It is therefore ordered that petitioner's second motion for the appointment of counsel (dkt. no. 22) is denied.

It is further ordered that respondents' motion to dismiss (dkt. no. 11) is granted. The petition for a writ of habeas corpus is dismissed with prejudice as untimely.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 5th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE